UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FANNY BAEZ,

Plaintiff,

vs.                                                                 Case No.:

JACOB LAW GROUP, PLLC,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Fanny Baez, is a natural person who resides in the City of Miami, County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

6. Defendant JACOB LAW GROUP, PLLC, (hereinafter "Defendant Jacob Law") is a collection agency operating from an address of 2623 West Oxford Loop, Oxford, MS 38655, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jacob Law regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Jacob Law regularly collects or attempts to collect debts for other parties.

9. Defendant Jacob Law is a "debt collector" as defined in the FDCPA.

10. Defendant Jacob Law was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

16. In or about April, 2011, Defendant Jacob Law's collectors contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During this April, 2011 call, Defendant left a voice mail on Plaintiff's answering machine, and failed to identify himself as a debt collector.

## SUMMARY

18. All of the above-described collection communications made to Plaintiff by Defendant Jacob Law, and collection employees employed by Defendant Jacob Law, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

19. During its collection communications, Defendant and the individual debt collectors employed by Defendant Jacob Law failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

20. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

25.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

### COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

26.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the deft.

29.     Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

30.     Upon information and belief, Defendant has attempted to collect a debt in which the amount sought was not expressly authorized by the agreement creating the debt or permitted by law.

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

31.     Defendant has falsely represented the amount of debt allegedly due.

## COUNT 7

### VIOLATION OF FCCPA §559.75

32.     This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may

bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  June 16, 2011                              Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff